IN THE SUPREME COURT OF THE STATE OF DELAWARE

JAMES E. WEST, § 
§ 
   Defendant Below, § No. 106, 2026
   Appellant, § 
§ Court Below—Superior Court
v. § of the State of Delaware
§ 
STATE OF DELAWARE, § Cr. ID Nos. 1905004787
§ 1905004634 (S)
   Appellee. § 

Submitted: April 27, 2026
Decided: June 10, 2026

Before **SEITZ**, Chief Justice; **TRAYNOR** and **LEGROW**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, James E. West, filed this appeal from a Superior Court order denying his motion for specific enforcement of a plea bargain. The State of Delaware has moved to affirm the Superior Court's judgment on the grounds that it is manifest on the face of West's opening brief that the appeal is without merit. We

agree and affirm, albeit on grounds different from those relied upon by the Superior Court.[1]

(2)     In 2019, a grand jury charged West with multiple crimes, including first-degree robbery. In 2020, West pleaded guilty to three counts of first-degree robbery, two counts of second-degree robbery, one count of attempted second-degree robbery, and one count of second-degree conspiracy. As part of the plea agreement, the State agreed to cap its sentencing recommendation to twenty years of unsuspended Level V incarceration and not to seek habitual offender sentencing. Following a presentence investigation, the Superior Court sentenced West to ninety-two years of Level V incarceration, suspended after twelve years for decreasing levels of supervision.

(3)     West filed a timely motion for sentence modification under Superior Court Criminal Rule 35(b), which the Superior Court denied. West then filed an unsuccessful motion for postconviction relief under Rule 61.[2] In August 2025, West filed an unsuccessful motion for correction of illegal sentence under Rule 35(a).[3]

---

[1] *See Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (recognizing that this Court may affirm a lower court's judgment on the basis of a different rationale than that which was articulated by the trial court).

[2] *West v. State*, 319 A.3d 270, 2024 WL 1881136 (Del. Apr. 30, 2024) (TABLE) (affirming the Superior Court's denial of West's Rule 61 motion).

[3] *West v. State*, 351A.3d 1004, 2025 WL 3687999 (Del. Dec. 18, 2025) (TABLE) (affirming the Superior Court's denial of West's motion for correction of illegal sentence).

(4)     In January 2026, West filed a motion for specific enforcement of a plea bargain. Despite his acknowledgement in the Truth-in-Sentencing Guilty Plea Form that he was not promised anything outside the written plea agreement, West alleged that the prosecutor promised commutation of his sentence during the plea negotiations and that he relied on this promise in accepting the plea. West sought specific enforcement, the opportunity to withdraw his plea, or an evidentiary hearing on the matter and appointment of counsel. The Superior Court denied the motion for specific enforcement, finding there was no such motion under the Superior Court Criminal Rules.  This appeal followed.

(5)     In his opening brief, West argues that the Superior Court erred in denying his motion for specific enforcement on the basis that it was impermissible under the Superior Court Criminal Rules. We construe West's motion, which challenged the knowing nature of his guilty plea and sought withdrawal of the plea, as a motion for postconviction relief under Superior Court Criminal Rule 61.[4] Rule 61 requires summary dismissal of a second or subsequent postconviction motion unless the movant was convicted after a trial and pleads with particularity new

[4] *See, e.g., Jones v. State* 768 A.2d 469, 2001 WL 93006, at *1 (Del. Jan. 26, 2001) (TABLE) (describing postconviction motion for specific enforcement of plea agreement as "in essence a motion for postconviction relief pursuant to Superior Court Criminal Rule 61").  If we instead construed West's motion as a motion for sentence reduction, it was subject to denial as untimely and repetitive under Rule 35(b). *See, e.g., State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (holding that the Superior Court erred in granting the defendant's second motion for sentence modification because it was repetitive under Rule 35(b)).

3

evidence creating a strong inference of actual innocence or a new, retroactive rule of constitutional law that renders his convictions invalid.[5] Because West was convicted after a guilty plea, Rule 61(d)(2) required summary dismissal of his second motion for postconviction relief.[6] The Superior Court did not commit reversible error in summarily denying West's motion.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm be GRANTED, and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[5] *See* Super. Ct. Crim. R. 61(d)(2).

[6] *See, e.g., Wonnum v. State*, 290 A.3d 930, 2023 WL 329272, at *1 (Del. Jan. 19, 2023) (TABLE) (affirming the Superior Court's summary dismissal of the defendant's third motion for postconviction relief because he pleaded guilty).